## Zipoy v. Zipoy

B. W. Davis, for libellant.

COUGHLIN, J., June 14, 1932.—Michael Zipoy, the above-named libellant, was married January 29, 1912, at Secovciach, Zsupa, Zemplinska, Czecho-Slovakia. His wife is still in that foreign country. He is a resident of Plains Township, Luzerne County, Pa.

He now seeks a divorce on the grounds of desertion, averring that said desertion took place January 31st, the year of his marriage, 1912, or the third day thereafter. He, within a few weeks thereafter, came to America.

On July 25, 1931, he filed a libel in divorce, upon which a subpœna was issued. Return was made after due and diligent search that the respondent, Marie Tkaisik Zipoy, could not be found in Luzerne County. This was to comply with the law, although nobody expected her to be in Luzerne County.

An order for publication was subsequently made and publication followed in the Luzerne Legal Register and the Wilkes-Barre Times-Leader. This likewise was to comply with the law, since no one expected the respondent in Czecho-Slovakia to read the legal publications in this county or the local papers.

A master was appointed to hear testimony in the case, who fixed February 29, 1932, at the master's office in the Coal Exchange Building as the time and place for said hearing.

A registered letter was mailed on January 27, 1932, to the respondent in Czecho-Slovakia to appear if she so desired at the hearing fixed February 29, 1932. Just how the communication was to reach respondent and she appear by counsel or in person does not appear. This, however, was to comply with the law. The purpose of the law was to give notice, although the facts indicate the impossibility and ineffectiveness of the same.

A hearing was held. Final notice that the recommendation for a divorce decree would be presented to the court ten days thereafter, to which respondent might file exceptions, was mailed May 11, 1932, also to Czecho-Slovakia. How such notice was to reach there and respondent have an opportunity to receive the same and file such exceptions within the ten days does not appear, nor can the court, with reason, assume that it is possible. Surely the purpose of these legally required steps must be taken into consideration, and the possibility of the purpose being accomplished must likewise be considered.

The evidence discloses testimony upon the part of libellant only, and if the testimony is to be believed, would justify divorce. But we cannot assume, as is done, that which appears to be a ridiculous assumption upon its face. Before the court can assume jurisdiction in entering a decree, the required notice must be given within the required time, but the required time is to be allowed the person to whom notice is given in which to act. Testimony should be adduced showing the receipt or presumptive receipt of notice before the expiration of the same. In the absence of such we cannot assume jurisdiction.

Under section sixty-six of the Act of May 2, 1929, P. L. 1237, the several courts of common pleas are authorized to make and adopt such rules and practice as may be necessary to carry the act into effect, referring to The Divorce Law of that year.

The court rules of our court on this subject, although somewhat brief and leaving perhaps much to be desired, require that written notice of the time and place of hearing at least ten days prior thereto shall be given to respondent by personal service if possible, and if not, by posting in the prothonotary's office, and by registered letter to the last known place of residence. This means that the party to whom notice is directed may have ten days in which to act. It does not mean ten days from the date of posting.

It is likewise provided that notice shall be given in similar manner that the master's report will be submitted to the court for decree at a time fixed, not less than ten days later. This does not provide ten days after the mailing of the notice. Its purpose is to give respondent ten days in which to act. We are of the opinion that the proper interpretation of this rule is as we have above stated. It appears that a reasonable time should be allowed a respondent in

which to act, and that time has been fixed by the court rules as ten days. In case of residence of respondent in a foreign country, it is plainly doubtful as to whether ten days after receipt of notice is adequate, but ten days from date thereof is plainly inadequate.

For reasons stated above, decree in divorce is refused, without prejudice to the libellant, who may proceed following proper notice as hereinbefore set forth.

From Frank P. Slattery, Wilkes-Barre, Pa.